UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAMI YAKOVAC<br><br>               Petitioner,<br><br>v.<br><br>BRIAN UNDERWOOD<br><br>               Respondent. | Case No. 4:09-CV-00250-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Dkt. 14.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636. (Dkt. 11.) The Court finds that decisional process would not be aided by oral argument, and it will resolve the Motion on the record after consideration of the parties' written submissions.[1] D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, the Court will grant Respondent's Motion, and this case will be dismissed.

---

[1] The Court deems Petitioner's Response to Respondent's Motion for Summary Judgment to be timely filed. (Dkt. 18, 20.)

# BACKGROUND

On February 20, 2004, police officers in Pocatello were responding to a call of a physical confrontation when Petitioner waved them down from her pickup truck. (State's Lodging A-2, p. 17-19.) Petitioner had a cut on her forehead and blood on her face. (State's Lodging A-2, pp. 18-20.) She told the officers that a Camille Mikelson had hit her with a slotted spoon after she went to the Mikelson's apartment to confront her about the theft of Petitioner's cell phone. (State's Lodging A-2, pp. 18-20.)

The officers ran Petitioner's identity through dispatch and learned that she had active warrants for her arrest. (State's Lodging A-2, p. 19.) She was arrested and taken to a hospital for treatment, where she was given a urinalysis test that revealed the presence of cocaine, marijuana, and methamphetamine in her system. (State's Lodging A-2, p. 29.) Officers searched Petitioner's pickup incident to the arrest and discovered a cigarette package in a coat pocket that contained a small spatula and a glass pipe with residue that later tested positive for methamphetamine. (State's Lodging D-7, p. 2.)

Petitioner was charged with one count of possession of a controlled substance, methamphetamine, and with being a persistent violator of the law. (State's Lodging A-2, pp. 33-34, 36-37.) She was convicted after a jury trial, and the trial court sentenced her to fifteen years in prison with the first five years fixed. (State's Lodging A-1, pp. 103-06, 113-16.)

While her direct appeal was pending, Petitioner filed an application for post-conviction relief, alleging that she had been deprived of her right to the effective

**MEMORANDUM DECISION AND ORDER - 2**

assistance of counsel and that the judge had made prejudicial comments during the trial. (State's Lodging B-1, p. 4.) The district court dismissed the application without holding an evidentiary hearing (State's Lodging B-1, pp. 16-21), and Petitioner's appeal from that decision was consolidated with the direct appeal from her conviction. (State's Lodging C-1.)

The Idaho Court of Appeals affirmed Petitioner's conviction but reversed the dismissal of the post-conviction, concluding that Petitioner had established genuine issues of material fact with respect to certain claims of ineffective assistance of counsel. (State's Lodging C-5.) The Idaho Supreme Court then reviewed the case and affirmed the district court in all respects. (State's Lodging D-7.)

In her Petition for Writ of Habeas Corpus, Petitioner again alleges that (1) she was deprived of her Sixth Amendment right to the effective assistance of trial counsel, (2) the trial judge made prejudicial comments to the jury that violated her right to a fair trial and due process of law under the Fourteenth Amendment, and (3) the trial judge admitted test results into evidence that should have been suppressed under the Fourth Amendment.

The Court conducted an initial review of the Petition and ordered the Clerk of Court to serve it on Respondent. (Dkt. 6.) Respondent has filed an Answer and the pending Motion for Summary Judgment. (Dkt. Nos. 13, 14.) Petitioner has responded to the Motion, and the matter is now ripe for the Court's decision.

## STANDARD OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

**MEMORANDUM DECISION AND ORDER - 3**

appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment procedure is applicable to habeas proceedings, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment must be reviewed in light of the substantive law and standards governing federal habeas proceedings.

Those standards are found in the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

**MEMORANDUM DECISION AND ORDER - 4**

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

**1. Claim One – Ineffective Assistance of Counsel**

Petitioner's factual allegations supporting her current ineffective assistance of counsel claim are less than clear, but the Court liberally construes the scope of the claim to be commensurate with the claim that was decided on the merits by the Idaho Supreme Court. There, Petitioner alleged that her counsel was ineffective for (1) failing to object to testimony from police officers that Petitioner had outstanding warrants, (2) stipulating to

**MEMORANDUM DECISION AND ORDER - 5**

the urinalysis test that was positive for methamphetamine, (3) not testing the meth pipe for fingerprints, and (4) failing to introduce Petitioner's coat into evidence to impeach a police officer who testified that the coat had blood on it. (State's Lodging D-7, pp. 6-12.) Respondent contends that Petitioner is not entitled to habeas relief on any of these grounds because the Idaho Supreme Court's decision is neither contrary to nor an unreasonable application of clearly established federal law. For the reasons that follow, the Court agrees.

The federal law governing ineffective assistance of counsel claims is derived from *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a violation of the Sixth Amendment under *Strickland*, a petitioner must show both that her counsel's performance fell below an objective standard of reasonably competent assistance and that the defense was prejudiced as a result. *Id.* at 687. To show prejudice, the petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

The Idaho Supreme Court correctly identified *Strickland* as providing the controlling test before it rejected each of Petitioner's allegations. (State's Lodging D-7.) It first determined that evidence about Petitioner's active yet unspecified warrants was relevant and admissible under Idaho law "to explain the police officers actions" in arresting Petitioner, searching her truck, and discovering the methamphetamine in the pipe. (State's Lodging D-7, p. 10.) In other words, the evidence was not introduced to show Petitioner's character or propensity to commit crime but was admitted to place the

**MEMORANDUM DECISION AND ORDER - 6**

officers' actions in context for the jury. The state court reached a similar conclusion with respect to Petitioner's claim that her counsel was ineffective in stipulating to the urinalysis test result, which the court found was admissible because "[e]vidence that [Petitioner] had methamphetamine in her system makes it more probable that [she] knew the substance in the pipe was methamphetamine." (State's Lodging D-7, p. 12.)

A federal court on habeas review must generally defer to a state court's interpretation of its own evidentiary rules. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the Idaho Supreme Court determined that the warrant and urinalysis evidence was admissible, any objection by trial counsel to this evidence would have been futile, and counsel did not provide ineffective assistance in failing to lodge meritless objections. *See, e.g., Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001) (holding that a failure to object to admissible evidence is not ineffective assistance); *see also United States v. Bosch,* 914 F.2d 1239, 1247 (9th Cir. 1990) (same).

The Idaho Supreme Court next turned aside Petitioner's claim that her counsel should have had the pipe tested for fingerprints, concluding that counsel made a tactical decision to focus on questioning the State's witnesses about the lack of testing. (State's Lodging D-7, p. 12.) Similarly, the Idaho Supreme Court found that Petitioner had not rebutted the presumption that counsel's failure to offer the coat into evidence was also a tactical decision. (State's Lodging D-7, p. 13.)

A defense attorney's tactical or strategic choices after an adequate inquiry into the facts and law are virtually unchallengeable and will not be second-guessed with the

**MEMORANDUM DECISION AND ORDER - 7**

benefit of hindsight. *See Gerlaugh v. Stewart*, 129 F.3d 1029, 1033 (9th Cir. 1997) (citing *Strickland*). Here, the Idaho Supreme Court reasonably concluded that trial counsel's decision to explore the lack of fingerprinting through cross-examination, suggesting a deficiency in the State's investigation and injecting uncertainty into the case, was a matter of trial tactics. Testing the pipe would have been a gamble and may have revealed Petitioner's prints, and the absence of her prints would not necessarily have proven that she did not possess the pipe, which was in her coat in a truck that she had recently been driving.

The Idaho Supreme Court's conclusion that counsel's choice not to introduce the coat into evidence was reasonable also comports with *Strickland*'s admonishment that counsel's trial decisions are presumed to fall within "the wide range of professional assistance." *Strickland*, 466 U.S. at 689. In the post-conviction matter, Petitioner implied that the coat did not have blood on it, contrary to the officer's testimony at trial, but she did not provide any evidence to back up that assertion, and she did not rebut the presumption that counsel made a reasonable tactical decision.

Accordingly, the Idaho Supreme Court's resolution of Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

**2. Claim Two – Prejudicial Comments**

In her second claim for relief, Petitioner contends that her Fourteenth Amendment right to due process of law was violated because "[j]udicial comments were prejudicial in

**MEMORANDUM DECISION AND ORDER - 8**

that the comment on the weight of evidence and [gave] opinion to jury pool." (Dkt. 3, p. 2.) The Court construes this claim as raising the same claim that Petitioner raised in state court, in which she alleged that two comments by the trial judge were prejudicial to her right to a fair trial.[2]

At trial, Petitioner's counsel and the prosecutor stipulated that methamphetamine was found in Petitioner's urinalysis test. The judge then described the stipulation to the jury:

> [Y]ou may write down that the parties have now stipulated that methamphetamine was found in the urine test that was taken at the hospital. The parties have stipulated that methamphetamine was found in defendant's urine test that was taken at the hospital. At that point, we don't need to call Dr. Minister and we'll proceed with other witnesses.

(State's Lodging A-2, pp. 63-64.) Petitioner argued in state court that these comments unduly emphasized the stipulation to the jurors by repeating it twice and telling them they may "write it down." (State's Lodging C-2, p. 24.)

At another point in the trial, the judge informed the jury that the trial would recess for the day because the judge needed to preside over drug court, where he was involved in "a little session for a couple of hours to discuss each one of the drug court participants, how they are doing and whether they are doing any good or not and whether they are going in the right direction." (State's Lodging A-2, pp. 63-64.)

Petitioner argued that the judge's remarks were prejudicial because her case was

---

[2] Petitioner also alleges, without elaboration, that she was given "inadequate" counsel. To the extent that she is again claiming ineffective assistance of counsel, that claim has been addressed as part of the first claim.

**MEMORANDUM DECISION AND ORDER - 9**

also a drug possession case, and the judge was implying that "drug defendants are not good." (State's Lodging C-2, p. 24.)

The Idaho Supreme Court summarily dismissed Petitioner's complaints and concluded that "neither comment deprived [Petitioner] of due process of law or violated a fundamental right." (State's Lodging D-7, p. 5.) The Court agrees. While it is true that a trial judge should guard against "project[ing] to the jury an appearance of advocacy or partiality," *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir. 2001), it is difficult to understand how a judge's instructions to jurors that they can "write down" a stipulated fact is prejudicial to a defendant. In addition, contrary to Petitioner's interpretation, the judge did not express a negative opinion about drug court participants. He said only that he needed to determine "how they are doing and whether they are doing any good or not and whether they are going in the right direction." (State's Lodging A-2, pp. 63-64.)

Petitioner cannot show that the she is entitled to relief on this claim under 28 U.S.C. § 2254(d).

**3. Third Claim – Unreasonable Search**

In her final claim, Petitioner alleges that "[t]est results were admitted that should have been suppressed as illegal search & seizure . . . ." (Dkt. 3, p. 3.) She brings this claim under the Fourth Amendment. (*Id.*)

In *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), the United States Supreme Court held that the Fourth Amendment generally does not offer relief in federal habeas corpus actions if the petitioner had a full and fair opportunity to litigate the issue in state court.

**MEMORANDUM DECISION AND ORDER - 10**

This is so because the benefit of enforcing the exclusionary rule in such a collateral proceeding is small and is outweighed by the cost to the criminal justice system. *Id*. at 474-75. Under *Stone*, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The petitioner bears the burden of establishing that the state court did not consider the Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Here, although Petitioner's trial counsel did not file a motion to suppress in state court on Fourth Amendment grounds, Petitioner has not shown that her counsel was deprived of an opportunity to do so. Therefore, the Court must dismiss this claim as not cognizable under *Stone*.

## CONCLUSION

Based on the foregoing, the Court concludes that there are no genuine issues of material fact as to any claim in the Petition, and Respondent is entitled to judgment as a matter of law. Relief is denied, and the case will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has been issued. 28 U.S.C.

§ 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Here, the Court finds that reasonable jurists would not debate its determination that the first two claims in this case fail under 28 U.S.C. § 2254(d) and that the third claim must be dismissed as non-cognizable. The Court will not issue a COA. Petitioner is advised that she may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. She must still file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. Petitioner's Motion for Extension of Time (Docket No. 18) is GRANTED. The Court has considered Petitioner's arguments in her Response to Respondent's Motion for Summary Judgment.

2. Respondent's Motion for Summary Judgment (Docket No. 14) is GRANTED for the reasons given herein. The Petition for Writ of Habeas Corpus is DENIED, and the case is DISMISSED.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: September 14, 2010

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**